Kirkpatrick C. J.
This is a writ of error to Gloucester Pleas, in an action of account. This form of action, is, in itself, very difficult, dilatory, and expensive; it has long since fallen into disuse, in a great measure, in England ; and in New-Jersey, I have never known or heard of, more than two or three cases, either in my own time or before; and I doubt whether even they were carried through to final judgment. Hence, we have but few precedents to guide us in a suit of this kind, and these few of pretty ancient date; not very intelligible, and still less applicable, at this day. In most instances, therefore, the action on the case, which is simple, easy, and well understood, has taken the place of this, in the common law courts, and when that did not afford a complete remedy, resort has been had to Equity, where confidential concerns and trusts of this kind, are more properly cognizable. Still, however, like all other actions, it is open to all; and in some cases, where the expense of a court of chancery, would be too heavy for the subject matter, as it must be confessed, under its present establishment, it frequently would be, it may, also, be necessary.
*The record is before us, and it is our duty to look into it. There are a great number of errors assigned ; so many that it would be exceedingly tedious, as well as wholly ' useless, to discuss them individually; we may, therefore, rather make a classification of them, and say, that some of them relate to matters of mere form; many of them, *917 to the conduct of the auditors, and their allowances and disallowances, in taking the account; and one or two of-them, to the record itself.
Those which concern mere matters of form, as the warrant of attorney, the venue, the continuances, &c., in all cases, after judgment, are aided by the act concerning amendments and jeofails, and on writs of error can never prevail. It is, therefore, unnecessary to speak of any of these, unless it be to say, that the plaintiffs prosecuting by White and Armstrong, his attorney, is not regular, under our statute. That declares, no man shall prosecute his suit, except by himself, or by a licensed attorney at law. Now, two joining themselves together in this way, though they both be licensed attorneys, cannot bring themselves within this description, and make one licensed attorney at law. The attorneys are considered as confidential officers of the court; they receive fees, and are liable to penalties as such; and may be disbarred for malpractice, (a) Can two, then, so conjoin themselves together, as to receive the privileges of one, and be subject to the penalties of one ? If there be malpractice in the conducting of a cause, shall they both be disbarred ? and if not, which of them ? Our statute does not contemplate such partnerships in official duties, and therefore, they cannot lawfully exist. But, though this be irregular, and might have been taken advantage of at the proper stage of the suit, yet, after judgment, it is certainly too late.
Then, as to the conduct of the auditors, and their allowances and disallowances, in taking the account.
The plaintiff counts, that the defendant, from the 1st May, 1802, until the 1st Decern,her, 1811, was proprietor of one-half, and bailiff, of the said plaintiff of the other half, of a certain sloop called The Two Brothers, and had the management, care, freighting, and letting to hire thereof, and the receiving of the moneys made and earned thereby, and was to render a reasonable account, &c.
The defendant first pleads, that he was not bailiff, but *918 after*wards retracts his plea, and submits to account, thereby acknowledging his liability, and every other material fact charged in the count. After this, he can only acquit himself by shewing the amount of the money actually received, and the necessary expenses and moneys paid out of the same, and by delivering over to the plaintiff, his moiety of the balance.
The only plausible objections, to the proceedings of the auditors, are, that they took into the account, the moneys advanced by the parties, for the building of the sloop, before the defendant became bailiff, as aforesaid; and also, that they took into the said account, the amount of sales of the said sloop, when sold by the defendant, which selling was not an act -within his bailliage; and that, therefore, they exceeded their power and authority; the account of the defendant, as bailiff, only, being submitted to them, to be taken and heard. But even these objections, cannot be supported.
The defendant had advanced, more than his half part of the money, for building tlie-sloop, by nearly §400; and, for this sum, according to the usage in such cases, he had a lien upon the sloop, and her earnings and profits, in his hands, until it was satisfied and paid, out of the said earnings and profits: and having been so satisfied, he exhibited it as an item of credit to discharge himself, pro tanto, in his account now rendered. It was a proper charge against the earnings of the sloop. It became necessary for the auditors, therefore, to look into this whole transaction about the building, and to settle that account, in order to fix the amount of this item, with intelligence and precision. And their having done so, the defendant, now, assigns for error, although he himself, compelled them to go into it, for his own benefit. Butin this, he certainly cannot prevail. The subject was beyond their powers, in appearance only, but not in reality : so too, as to the selling of the sloop. She was declared to be no longer sea-worthy: was not the selling of her, and making the best of her, a part of his duty ? was it not that very management charged in the count, to be committed, and necessarily from the nature of the thing, actually committed, to the bailiff? and being too, within *919 the time, during which he is charged as bailiff, shall he not account ? Surely. These, being proper matters then, - for the auditors to hear, these objections are done away. And as to the particular items allowed or disallowed, the *party, if he were dissatisfied, might have tendered issues, either in law or in fact, and having neglected to do so, he could not have come, even into the court below, in a summary way, to object to such items, and much less can ho come in here now, upon this writ of error.
The auditors have stated the account; they have delivered it into the court; there have been no denials made, nor issues taken upon it; the balance is declared, and judgment entered; there can, therefore now, be no errors assigned, but such as are apparent, upon the face of the record itself.
And the only one assigned, of any moment, which is so apparent, is, that the account itself taken by the auditors, exhibiting all the items thereof, and the balance due, must necessarily be entered upon the record, in order to support the judgment; that this is not done here, and that therefore, it is a judgment without premises to support it.
In looking into the old entries, on this subject, we find some diversity in this respect. Some of the rolls do contain the account returned by the auditors, in hasc verba, with the issues taken, if any, and the trials and verdicts thereupon ; and then they close with the second judgment ; that the plaintiff, recover the balance necessarily resulting from those verdicts. Others do not contain the account returned by the auditors, but refer to it only. After stating the previous proceedings, they say, Et iidem auditores delibe/rant hie in curiam, computum inde coram eis factum, t£Ui juno rotulo est constjtus, (sometimes, qui huic rotulo est annex us,) etinde, the parties, petunt breve Ac. de Vm. Fa. Ac.,to try the issues taken; and then they go on with the trial, verdict, balance, last judgment, &c.: and certainly, in point of convenience, this last mode, which has been followed in this case, is far preferable, especially in modern times, when accounts are frequently too voluminous, to be carried into a record.
*920 Upon the whole, therefore, it is the opinion of the whole that the judgment must be affirmed.
Southard J.
remarked. That he did not perceive any error in the manner of prosecuting, by the attorneys; that the statute did not absolutely require, that the party should appear by one only; that the warrant filed, was correctly drawn; that the man*ner of endorsing the names on the declaration and writ, was sufficient to answer the purposes of the statute; and that if one of the attorneys of the court, should be guilty of misconduct in his office, there would he no difficulty to the. court in punishing him, because he was in partnership with another: and if the client was injured by the firm, he too, could have his remedy.
Judgment affirmed.

 Anonymous, 2 Sal. 162. In re Attorney’s License, 1 Zab. 345.